

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,759-01

### EX PARTE DUSTIN JAMES HYMAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1000430-A IN THE 182nd DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and sentenced to ten years' imprisonment. He did not appeal his conviction.

Applicant contends that his trial counsel rendered ineffective assistance in this case and that his plea of guilty was involuntary as a result of counsel's deficient performance. In response to Applicant's claims of ineffective assistance, the trial court entered a detailed order designating issues (ODI) ordering a response from counsel. The ODI was signed on April 4, 2013. The trial court has

now entered findings of fact and conclusions of law recommending that relief be dismissed because the Applicant is "not incarcerated in the primary case." However, the trial court's conclusions of law are in error. According to the habeas record, the trial court has based its recommendation on an affidavit that states the Applicant is currently on release to parole in this cause. However, release to parole is still a restraint in liberty and this application is properly before this Court.[1]

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions of law as to whether Applicant's plea of guilty was voluntary in this case. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the

---

[1] TEX. CODE CRIM. PROC. art. 11.22, which defines the term restraint, states:

> By "restraint" is meant the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right.

disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. Given the already lengthy delay in this case, the issues shall be resolved within 60 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 90 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: February 25, 2015
Do not publish